UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                                    :
**ORLANDO S. RAMIREZ,**             :
    **Plaintiff**              :
                                    :
   v.                           :  Civil Action No. 07-5533(FSH)
                                    :
                                    :**ORDER ON INFORMAL APPLICATION &**
                                    :**SECOND AMENDED PRETRIAL**
                                    :**SCHEDULING ORDER**
**LYCATEL, LLC**                    :
                                    :
    **Defendant**              :
_____:

    **THIS MATTER** having come before the Court for a telephone status conference on October 20, 2008; and the defendant reporting that it will produce certain information that plaintiff needs to evaluate his settlement position; and the plaintiff requesting a stay of proceedings; and the Court determining that since it has already adjusted the deadlines to enable the parties to engage in such discussions that a stay is not warranted but that it would grant the extension to enable the parties to prioritize as they see fit work needed to further settlement and work needed for litigation; and for the reasons discussed during the telephone conference; and for good cause shown,

    **IT IS on this 20th day of October, 2008,**

    **ORDERED THAT:**

    1. The request to stay the proceedings is denied but the request to extend the pretrial deadlines is granted as set forth herein;

    2. No later than **deadline passed**, the parties shall submit a proposed discovery confidentiality order and certification in accordance with Local Rule 5.3.

    **IT IS FURTHER ORDERED THAT:**

    **I. COURT DATES**

    1. There shall be a telephone status conference before the Undersigned on **December 2, 2008 at 11:30 a.m.** Plaintiff shall initiate the telephone call.

    2. There will be a settlement conference before the Undersigned on **TO BE SET IF**

**REQUESTED.**  Trial Counsel and clients with full settlement authority must attend the conference.  If the trial counsel **and** client with full settlement authority do not appear, the settlement conference may be cancelled or rescheduled and the noncompliant party and/or attorney may be sanctioned, which may include an assessment of the costs and expenses incurred by those parties who appeared as directed.

3. A final pretrial conference shall be conducted pursuant to Fed. R. Civ. P. 16(d) on **August 11, 2009 at 10:00 a.m.**  The Final Pretrial Conference will occur even if there are dispositive motions pending.  The Court will adjourn the Final Pretrial conference only if the requesting party makes a compelling showing that manifest injustice would otherwise result absent adjournment.

## II.  DISCOVERY AND MOTION PRACTICE

4. Fed. R. Civ. P. 26 disclosures are to be exchanged on or before **deadline passed.**

5. Discovery necessary to engage in meaningful settlement discussions: (a) billing information from a sample of cards; and (b) information regarding charges other than for talk time (i.e. connection/disconnection charges, maintenance fees) and how these charges/fees are calculated.  A letter setting forth whether or not such information can be provided and, if so, when it can be produced shall be provided to the plaintiff produced by deadline passed.

6. The parties may serve interrogatories limited to **25** single questions including subparts and requests for production of documents on or before **deadline passed,** which shall be responded to no later than **deadline passed.**

7. The number of depositions to be taken by each side shall not exceed **10** .  No objections to questions posed at depositions shall be made other than as to lack of foundation, form or privilege.  See Fed. R. Civ. P. 32(d) (3) (A).  No instruction not to answer shall be given unless a privilege is implicated.  The depositions are to be completed no later than **February 6, 2009.**

8. Fact discovery is to remain open through **February 6, 2009.**  No discovery is to be issued or engaged in beyond that date, except upon application and for good cause shown.

9. Counsel shall confer in a good  faith attempt to informally resolve any discovery disputes before seeking the Court's intervention.  Should such informal effort  fail to resolve the dispute, the matter shall be brought to the Court's attention via a joint letter that sets forth: (a) the request, (b) the response; (c) efforts to resolve the dispute; (d) why the complaining party believes the information is relevant and why the responding party's response continues to be deficient; and (e) why the responding party believes the response is sufficient.  No further submissions regarding the dispute may be submitted without leave of Court.  If necessary, the Court will thereafter schedule a telephone conference to resolve the dispute.

No discovery motion or motion for sanctions for failure to provide discovery shall be made before utilizing the procedures set forth in these paragraphs without prior leave of Court.

      Any unresolved discovery disputes (other than those that arise during depositions) must be brought before the Court no later than **November 24, 2008** and the Court will not entertain applications concerning discovery matters, informally or otherwise, after this date.

      10.    Any motion to amend pleadings or join parties must be filed by **deadline passed.**

      11.    a. All class certification motions shall be filed no later than **March 1, 2009,** and must be comply with Local Rule 7.1. No pretrial dispositive motions will be entertained after that date. Any responses shall be submitted no later than **March 23, 2009** and any replies shall be submitted no later than **March 30, 2009.** The return date shall be **April 6, 2008** before the Hon. Faith S. Hochberg. Her Honor's chambers will advise the parties if oral argument will be required.

      b. All dispositive motions shall be discussed in advance of filing with the undersigned either in person or by teleconference. Any and all dispositive motions must be filed no later than **June 19, 2009** and must be comply with Local Rule 7.1. No pretrial dispositive motions will be entertained after that date. Any responses shall be submitted no later than **July 6, 2009** and any replies shall be submitted no later than **July 13, 2009.** The return date shall be **July 20, 2009** before the Hon. Faith S. Hochberg. Her Honor's chambers will advise the parties if oral argument will be required.

### III.  EXPERTS

      12.    All affirmative expert reports shall be delivered by **April 2, 2009**.

      13.    All responding expert reports shall be delivered by **May 18, 2009.**

      14.    a. All expert reports are to be in the form and content as required by Fed. R. Civ. P. 26(a) (2)(B). No expert shall testify at trial as to any opinions or base those opinions on facts not substantially disclosed in the experts report.

      b. All expert depositions shall be completed by **June 5, 2009**.

### IV.  FINAL PRETRIAL CONFERENCE

      15.    A final pretrial conference shall be conducted pursuant to Fed. R. Civ. P. 16(d) on **August 11, 2009 at 11:00 a.m.** The final pretrial conference will occur even if dispositive motions are pending. The Court will adjourn the Final Pretrial conference <u>only</u> if the requesting party makes a compelling showing that manifest injustice would otherwise result absent adjournment.

      16.    <u>Not later than **20 working days** before the pretrial conference, the parties shall exchange copies of all proposed trial exhibits. Each exhibit shall be pre-marked with an exhibit number conforming to the party's exhibit list.</u>

      17.    All counsel are directed to assemble at the office of Plaintiff's counsel not later than **ten (10) days** before the pretrial conference to prepare the proposed Joint Final Pretrial Order in

the form and content required by the Court.  Plaintiff's counsel shall prepare the Joint Pretrial Order and shall submit it to all other counsel for approval and execution.

18. With respect to non-jury trials, each party shall submit to the District Judge and to opposing counsel proposed Findings of Fact and Conclusions of Law, trial briefs and any hypothetical questions to be put to an expert witness on direct examination.

19. The original of the Final Pretrial Order shall be delivered to the CHAMBERS of the Undersigned no later than **August 3, 2009 at 4:00 p.m.**  All counsel are responsible for the timely submission of the Pretrial Order.

20. The Court expects to engage in meaningful settlement discussions at the final pretrial conference.  Therefore, trial counsel who actually has full settlement authority must attend the conference and clients or other persons with full settlement authority must be available by telephone.

## V.  MISCELLANEOUS

21. The Court may from time to time schedule conferences as may be required, either sua sponte or at the request of a party.

22. Since all dates set forth herein are established with the assistance and knowledge of counsel, there will be no extensions except for good cause shown and by leave of Court, even with consent of all counsel.

23. A copy of every pleading, document or written communication with the Court shall be served on all other parties to the action.  Any such communication which does not recite or contain a certification of such service may be disregarded by the Court.

24. Communications to the Court by facsimile will not be accepted.  All communications to the Court shall be in writing or by telephone conference.

25. **FAILURE TO COMPLY WITH THE TERMS OF THIS ORDER   MAY RESULT IN SANCTIONS.**

 s/Patty Shwartz  
**UNITED STATES MAGISTRATE JUDGE**