**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ORLANDO S. RAMIREZ, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>THE LYCATEL GROUP, d/b/a, LYCATEL, LLC,<br>Defendant. | Civil Action No. 07-5533(PS)<br><br>**ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND DIRECTING DISSEMINATION OF <u>CLASS NOTICE</u>** |

THIS MATTER having been brought before the Court jointly by Plaintiffs, through Carella, Byrne, Bain, Gilfillan, Cecchi, Stewart & Olstein and Freed & Weiss LLC (collectively, "Plaintiffs' Lead Counsel") and by Defendant The Lycatel Group, d/b/a, Lycatel, LLC, ("Lycatel"), through its attorneys, Wilson, Elser, Moskowitz, Edelman & Dicker LLP, by motion for an Order, pursuant to Federal Rule of Civil Procedure 23(e), for an Order seeking preliminary approval of a class action settlement, and directing the dissemination of class notice (the "Motion"); and the Court having reviewed the submissions of the parties, having held a hearing on November 20, 2009, and having found that the parties are entitled to the relief they seek; and for good cause shown;

IT IS THIS 8th day of December, 2009:

ORDERED that the Motion is GRANTED, subject to the following terms and conditions:

1. The proposed Class Settlement Agreement and Release dated November 6, 2009, as amended on the record on November 20, 2009 ("Settlement Agreement"), submitted with the Motion, is preliminarily approved as being within the range of potential final approval.[1]

---

[1] All defined terms set forth in this Order shall have the same meaning as that set forth in

2.     <u>Preliminary Class Certification For Settlement Purposes</u>: Based upon the submissions of the parties, the Court conditionally makes the following findings: (a) the members of the Settlement Class are so numerous as to make joinder impracticable; (b) there are questions of law and fact common to the Settlement Class, and such questions predominate over any questions affecting only individual Class Members; (c) plaintiffs' claims and the defenses thereto are typical of the claims of Class Members and the defenses thereto; (d) plaintiffs and their counsel can and have fairly and adequately protected the interests of the Class Members in this action; (e) a class action is superior to all other available methods for fairly and efficiently resolving this action; and (f) accordingly, for purposes of the Settlement only, the Court preliminarily approves Plaintiff Orlando Ramirez ("Class Representative") as representative of the Class, represented by Plaintiff's Lead Counsel, and conditionally certifies a Settlement Class comprised of all Persons who, at any time prior to the date of entry of this Order, purchased one or more Lycatel Calling Cards in the United States. Lycatel and its officers, directors and employees, counsel for the parties, and members of the federal judiciary and their families are not included in the Settlement Class.

3.     This matter is preliminarily certified as a class action for settlement purposes only, pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3). If the settlement does not receive final approval, Lycatel retains the right to assert that this action may not be certified as a class action for liability purposes.

4.     Carella, Byrne, Bath, Gilfillan, Cecchi, Stewart & Olstein and Freed & Weiss LLC are appointed as Co-Lead Settlement Class Counsel.

---

the settlement agreement.  A copy of the Settlement Agreement, as amended without exhibits, is annexed hereto as Exhibit A.

5.    The Court finds, upon preliminary review of the Settlement Agreement and consideration of the nine factors enunciated in *Girsh v. Jepson,* 521 F.2d 153, 157 (3d Cir. 1975), that the Settlement Agreement and the settlement that it incorporates appear to be fair, reasonable and adequate. The Court further finds that the Settlement Agreement falls "within the range of possible approval." Manual of Complex Litigation (Third) § 30.41. Accordingly, the Settlement Agreement is preliminarily approved, subject to a further determination to be made after a Fairness Hearing, as defined below, and is sufficient to warrant sending notice to the Settlement Class.

6.    A final hearing (the "Fairness Hearing") shall be held before this Court on March 3, 2010 at 2:30 p.m., to determine whether (a) this action meets each of the prerequisites for class certification set forth in Federal Rule of Civil Procedure 23(a), and may properly be maintained as a class action on behalf of the Settlement Class under Federal Rule of Civil Procedure 23(b)(3); (b) the Settlement Agreement, including the allocation of the Settlement, should receive final approval as fair, reasonable, adequate, and in the best interests of the Settlement Class; (c) orders granting final approval of the Settlement Agreement, entering final judgment and dismissing the Amended Complaint with prejudice ("Final Settlement Order and Judgment"), as provided in the Settlement Agreement, should be entered; (d) the application of Plaintiffs' Lead Counsel for the payment of attorneys' fees and expenses for plaintiffs is reasonable and should be approved; and (e) the proposed plan of distribution is fair and reasonable. The Fairness Hearing may be postponed, adjourned or continued by further order of this Court, without further notice to the Plaintiff Settlement Class.

7.    At the Fairness Hearing the Court will consider and determine whether the Settlement Agreement should be finally approved as fair, adequate and reasonable in light of any objections presented by Class Members and the parties' responses to any such objections.

8.    Any Settlement Class Member may object to the fairness, reasonableness or adequacy of the proposed settlement. Any member of the Settlement Class who so objects may appear at the Fairness Hearing, in person or through counsel, to show cause why the proposed settlement should not be approved as fair, adequate and reasonable. Each Settlement Class Member who wishes to object to any term of the Settlement Agreement must do so in writing by filing a written objection with the Clerk of the Court and mailing it to counsel for the parties. Any such objection must be filed with the Clerk of the Court and received by counsel for the parties no later than February 1, 2010.

**For Claimants With Personal Identification Numbers ("PINS")**:  Any such objection must include the following:

(a) a list of all available PINs of Lycatel Calling Cards that were purchased by the Settlement Class Member, the date(s) or approximate date(s) of the Settlement Class Member's purchase(s) of Lycatel Calling Card(s), the state(s) of purchase(s), the approximate total dollar amount of such purchase(s),

(b) attach copies of any materials that will be submitted to the Court or presented at the fairness hearing,

(c) be signed by the Settlement Class Member, and

(d) clearly state in detail (i) the ground(s) for the objection, (ii) the Settlement Class Member's name, address and, if available, telephone number, and (iii) if represented by counsel, such counsel's name, address and telephone number.

4

**For Claimants Without Personal Identification Numbers ("PINS")**: Any such objection must:

(a)   submit a sworn statement declaring that he or she was the purchaser of an eligible Lycatel Calling Card,

(b)   set forth the following: the type or brand of Lycatel Calling Card purchased; the location at which it was purchased; the month and year in which it was purchased; and at least one phone number that were called by the Claimant when he or she used each card, and

(c)   the objection shall have the following statement:  "UNDER PENALTY OF PERJURY, I HEREBY AFFIRM AND CERTIFY THAT THE INFORMATION PROVIDED ON THIS FORM IS TRUE AND ACCURATE.  THE INFORMATION PROVIDED ON THIS FORM IS SUBJECT TO AUDIT AND REVIEW, AND WILLFULLY FALSE STATEMENTS WILL BE REPORTED TO THE COURT."

Any objection that fails to satisfy the requirements of this section, or that is not properly and timely submitted, shall be deemed ineffective, will be disregarded by the Court, and will be deemed to have been waived, and the Settlement Class Member asserting such objection shall be bound by the final determination of the Court.

9.   Any member of the Settlement Class may elect to opt out of the proposed settlement by mailing a written request for exclusion to counsel for the parties no later than February 1, 2010. Any Person included within the Settlement Class who wishes to be excluded from membership in the Settlement Class must do so in writing by mailing a request for exclusion from the Settlement to counsel for the parties, so that such request is postmarked no later than February 1, 2010.

**For Persons With Personal Identification Numbers ("PINS")**:  Any such request to opt out  must include the following:

(a)      a list of all available PINs of Lycatel Calling Cards that were purchased by the Settlement Class Member, the date(s) or approximate date(s) of the Settlement Class Member's purchase(s) of Lycatel Calling Card(s), the state(s) of purchase(s), the approximate total dollar amount of such purchase(s),

(b)      attach copies of any materials that will be submitted to the Court or presented at the fairness hearing,

(c)      be signed by the Settlement Class Member, and

(d)      clearly state in detail (i) the ground(s) for the objection, (ii) the Settlement Class Member's name, address and, if available, telephone number, and (iii) if represented by counsel, such counsel's name, address and telephone number.

**For Persons Without Personal Identification Numbers ("PINS")**:  Any such request to opt out must include:

(a)      submit a sworn statement declaring that he or she was the purchaser of an eligible Lycatel Calling Card,

(b)      set forth the following: the type or brand of Lycatel Calling Card purchased; the location at which it was purchased; the month and year in which it was purchased; and at least one phone number that were called by the Claimant when he or she used each card, and

(c)      the request to opt out shall have the following statement: "UNDER PENALTY OF PERJURY, I HEREBY AFFIRM AND CERTIFY THAT THE INFORMATION PROVIDED ON THIS FORM IS TRUE AND ACCURATE.  THE INFORMATION

6

PROVIDED ON THIS FORM IS SUBJECT TO AUDIT AND REVIEW, AND WILLFULLY FALSE STATEMENTS WILL BE REPORTED TO THE COURT."

Any Person within the Settlement Class who wishes to be excluded from the Settlement Class can only opt out for himself or herself and, except for minors, cannot opt out for any other Person, nor can any Person within the Settlement Class authorize another Person to opt out on his or her behalf. Requests for exclusion that fail to satisfy the requirements of this paragraph shall not be effective. Untimely requests shall also not be effective. Any Person included within the Settlement Class who does not properly and timely submit a request for exclusion, as required above, shall be deemed to have waived all rights to opt out of the Settlement, and shall be deemed a Settlement Class Member for all purposes pursuant this Order.

10.     Except for good cause show, no person (other than parties or their representatives) may be heard at the Fairness Hearing, or file papers or briefs, unless on or before February 1, 2010, such person or their counsel files with the Clerk of the Court and simultaneously serves on counsel for all parties a timely, written objection and notice of intent to appear. Any member of the Settlement Class who does not make his or her objection to the settlement in the manner and within the time provided herein, shall be deemed to have waived such objection. Settlement Class Members or their counsel who wish to appear at the Fairness Hearing must make such request by notifying the Court and counsel for Lycatel and Plaintiffs' Lead Counsel in writing. Such request must be filed with the Clerk of the Court and received by Lycatel's counsel and Plaintiffs' Lead Counsel no later than February 1, 2010,

**For Persons With Personal Identification Numbers ("PINS"):** Any such objection must include the following:

Any objection that fails to satisfy the requirements of this section, or that is not properly and timely submitted, shall be deemed ineffective, will be disregarded by the Court, and will be deemed to have been waived, and the Settlement Class Member asserting such objection shall be bound by the final determination of the Court.  Such request also must state in detail the ground(s) for objection. Any request for appearance that fails to satisfy the requirements of this Section shall not be effective. Any Settlement Class Member who does not properly and timely submit a request for appearance shall be deemed to have waived all rights to appear and/or to comment on the settlement and shall not be permitted to appear at the Fairness Hearing or to comment on the proposed settlement at the Fairness Hearing.

11.    The Court finds that the manner and content of the notice specified in the Settlement Agreement will provide the best notice practicable to the Settlement Class under the circumstances. All costs incurred in connection with the preparation and dissemination of any notices to the Settlement Class shall be borne by Lycatel.

12.    If the Settlement Agreement is finally approved, the Court shall enter a separate order finally approving the Settlement Agreement, entering judgment and dismissing the Amended Complaint with prejudice. Such order and judgment shall be fully binding with respect to all members of the Settlement Class.

13.    In the event that the proposed settlement provided for in the Settlement Agreement is not approved by this Court, or entry of the final order and judgment set forth in paragraph 12 does not occur for any reason, then the Settlement Agreement, all drafts, negotiations, discussions, and documentation relating thereto, and all orders entered by this Court in connection therewith shall become null and void. In such event, the Settlement Agreement and all negotiations and proceedings relating thereto shall be withdrawn without

9

prejudice to the rights of the parties, who shall be restored to their respective positions as of the date of the execution of the Settlement Agreement.

14.     The dates of performance are as follows: *

a.     The Settlement Notice shall be available to the public on a discrete settlement website that can be accessed through a link on www.lycatel.com and www.freedweiss.com within 20 business days of entry of this Order.

b.     The Settlement Notice shall be mailed to all Class members whose identification information is reasonably accessible from Lycatel's business records, within 35 business days of entry of this Order.

c.     The Summary Notice shall be published by national press release via PR Newswire, and in USA Today, El Diario, and USA AFRICA Magazine within 20 business days of entry of this Order.

d.     Within 35 days from the date of entry of this Order, Lycatel shall use reasonable efforts to disseminate the Summary Notice to all Persons to whom it has directly distributed or sold Lycatel Calling Cards during the preceding 120 days and shall request that all Persons who directly distribute or sell Lycatel Calling Cards use reasonable efforts to ensure that Summary Notice is posted in retail locations where Lycatel Calling Cards are sold, and in a place and manner where such Summary Notice is visible to the retail locations' customers.

e.     Within 20 business days of entry of this Order, Lycatel will provide a notice voice prompt on current Lycatel Calling Card access numbers and customer service numbers until 14 days before the Fairness Hearing.

f.     Within 20 business days of entry of this Order, Lycatel will establish a dedicated, toll-free telephone number that Persons can call to hear information regarding the Settlement, including the status of the Claims Submission Period.  This toll-free number will be available through the end of the Claims Submission Period. Lycatel will also place information regarding the status of the Claims Submission Period on a discrete settlement website that is accessible through a link on www.lycatel.com within 20 business days of entry of this Order, continuing until the end of the Claims Submission Period.

g.     The parties shall file and serve papers in support of final approval of the settlement, including any responses to proper and timely objections flied thereto, by February 5, 2010.

* Counsel shall ensure all notices include the date of this order and contact telephone number + make clear the Refund PINs can be used for all domestic calls, in addition to certain International calls as set forth in 49(h) of the Settlement Notice

h.    Plaintiffs' counsel shall file any application for an award of attorneys' fees, costs and litigation expenses by February 5, 2010

i.    The Fairness Hearing shall be held on March 3, 2010 at 2:30 p.m.

15.    This Court hereby enters a Preliminary Injunction barring and enjoining the Class Representative and all Settlement Class Members from bringing, filing, commencing, prosecuting, continuing to prosecute, maintaining, intervening in, participating in, or receiving any benefits from any other lawsuit, arbitration, or administrative, regulatory, or other proceeding in law or equity that asserts, arises from, concerns, or is in any way related to the Released Claims, until such time as this Court has ruled on the fairness of the settlement terms following the Fairness Hearing.

PATTY SHWARTZ, U.S.M.J.

11

## CLASS SETTLEMENT AGREEMENT AND RELEASE

This Class Settlement Agreement and Release ("Agreement") is made and entered into this 6th day of November 2009, by and between defendant Lycatel, LLC ("Lycatel") and the Settlement Class (as defined below), acting by and through plaintiff Orlando S. Ramirez, ("Plaintiff"), Plaintiff's counsel Carella, Byrne, Bain, Gilfillan, Cecchi, Stewart & Olstein and Freed & Weiss LLC (together, "Plaintiff's Lead Counsel"), and Plaintiff's counsel Carella, Byrne, Bain, Gilfillan, Cecchi, Stewart & Olstein; Freed & Weiss LLC; Law Office of Eric Stoppenhagen; and Rothstein Rosenfedlt Adler (collectively, "Plaintiff's Counsel"),

## BACKGROUND

WHEREAS, on November 11, 2007, Plaintiff Orlando S. Ramirez filed a Complaint captioned *Orlando S. Ramirez, individually and on behalf of all others similarly situated v. Lycatel, LLC d/b/a The Lycatel Group*, Civil Action No. 07-5533 (FSH), alleging, inter alia, that Lycatel distributed or sold prepaid calling cards without fully disclosing the applicable rates and charges, violated consumer protection laws, and was unjustly enriched, and other claims (the "Lawsuit"); and

WHEREAS, Lycatel and the other Released Parties (defined below) deny any wrongdoing of any kind whatsoever, and, without admitting liability, nevertheless have agreed to enter into this Agreement to avoid further expense, as well as the burdens and risks of litigation; and

WHEREAS, Plaintiff has agreed to serve as representative of the Settlement Class, have been informed by their respective personal counsel of the duties and obligations of a class representative, are familiar with the pleadings in the Lawsuits and the results of the factual

investigation undertaken by their counsel, and have been fully advised by such counsel as to the terms and effects of this Agreement, including the nature of the claims released, the potential for success if the Lawsuits were to be litigated to theft conclusion, and the relief obtained by the settlement; and

WHEREAS, in evaluating the settlement set forth in this Agreement, Plaintiff's Counsel have concluded that the benefits provided to the Settlement Class under this Agreement make a settlement with Lycatel and the other Released Parties pursuant to such terms and conditions in the best interests of the Settlement Class in light of, among other considerations, the substantial benefits afforded to the Settlement Class, the uncertainties and difficulties associated with obtaining class certification for merits purposes, including issues of manageability and overcoming the legal and factual defenses that have been asserted by Lycatel, the expense and length of time necessary to prosecute this action through trial, the uncertainties of the outcome of the Lawsuit; and the fact that resolution of the class claims, whenever and however determined, will likely be submitted for appellate review; and

WHEREAS, the Parties desire to compromise and settle all issues and claims relating to the allegations made in the Lawsuit or that could have been made under the facts alleged in the Lawsuit, by or on behalf of all persons included in the Settlement Class; and

WHEREAS this Agreement has been negotiated at arms-length under the direction of the Court;

WHEREAS, the Parties, and their respective counsel, believe that the terms of the settlement set forth in this Agreement are fair, reasonable and adequate; and

WHEREAS, the Parties desire and intend to seek Court approval of the settlement as set forth in this Agreement;

2

NOW, THEREFORE, it is agreed that in consideration of the promises and mutual covenants set forth in this Agreement and the entry by the Court of a Final Order and Judgment dismissing with prejudice the claims asserted in the Lawsuit, and approving the terms and conditions of the settlement as set forth in this Agreement pursuant to Fed.R.Civ.P. 23(a) and (b)(3), the Lawsuit shall be settled and compromised on the terms and conditions set forth below, The recitals stated above are true and accurate and are hereby made a part of this Agreement.

## DEFINITIONS

In addition to any definitions set forth above or elsewhere in this Agreement, the following terms, as used in the Agreement, shall have the meanings set forth below:

a.     "Agreement" means this settlement agreement and release, including its recitals and Exhibits.

b.     "Best Efforts" means the efforts that a reasonable person in the position of the Party would use so as to fulfill an obligation as diligently and expeditiously as possible.

c.     "Final Order and Judgment" means a final judgment and order of dismissal entered by the Court in the Lawsuits granting final approval of this Agreement, (including Class Counsels request for attorneys' fees, costs, and other expenses and incentive awards), and entering a judgment according to the terms set forth in this Agreement.

d.     "Claims Submission Period" shall mean the period beginning seven days after the Settlement Effective Date (as defined below) and ending six months thereafter.

e.     "Complaints" shall refer to the Complaint and First Amended Complaint filed in the Lawsuit.

f.     "Court" shall refer to the United States District Court for the District of New Jersey.

3

g.     "Designated Arbitrator" shall mean the Hon. John Bissell (Ret.), or an alternative arbitrator the parties may agree to in the event Judge Bissell is not available.

h.     "Lycatel Calling Card" shall mean any calling card, including, but not limited to, retail, prepaid, non-rechargeable and rechargeable calling cards, that was sold, serviced, distributed, or in any way placed in the stream of commerce in the United States by Lycatel through the date of the entry of the Order of Preliminary Approval, including, but not limited to, the calling cards identified on the list annexed hereto as Exhibit A. (Exhibit A does not purport to be a complete listing of all Lycatel Calling Cards that were sold, serviced, distributed, or in any way placed in the stream of commerce by Lycatel through the date of the entry of the Order of Preliminary Approval. The omission of any Lycatel Calling Card from Exhibit A shall not be construed as excluding such card or cards under this Agreement, although no cards were intentionally omitted from Exhibit A.) Lycatel Calling Cards sold, serviced, distributed or in any way placed in the stream of commerce in the United States by Lycatel through the date of the entry of the Order of Preliminary Approval are covered by this Agreement, despite the fact that they may not be included by name in Exhibit A.

i.     "Party" means Plaintiff or Lycatel. "Parties" means Plaintiff and Lycatel.

j.     "Persons" shall refer to persons and entities, including, without limitation, natural persons, sole proprietorships, associations, companies, partnerships, joint ventures, corporations, trusts, estates, or any other persons or entities.

k.     "Released Claims" shall refer to any and all claims, damages, suits, demands, liabilities, judgments, losses, and causes of action relating to Lycatel Calling Cards through the date of the entry of the Order of Preliminary Approval of any kind or character, whether known or unknown, matured or unmatured, sounding in law or equity, seeking damages or any other

4

relief (including attorneys' fees), that are now recognized by law or that may be created or recognized in the future by statute, regulation, judicial decision, or in any other manner, based upon any federal or state statutory or common law, including, but not limited to, claims sounding in tort, contract, and the consumer protection laws of the United States or of any state or other jurisdiction within the United States, which claims, damages, suits, demands, liabilities, judgments, losses, or causes of action have been, might have been, are now, or could be asserted by Plaintiff or any Settlement Class Member in an individual or representative capacity (including on behalf of the general public) arising out of, based upon, or related to, in whole or in part, the facts and circumstances underlying the claims and causes of action set forth in the Lawsuits.

l.     "Released Parties" shall refer individually and collectively, as appropriate, to Lycatel and to all of its predecessors and successors-in-interest, including, but not limited to, all of its respective past and present members, parents, subsidiaries, joint ventures, partnerships, related companies, affiliates, controlled entities, assignees, distributors, retailers, customers (except Settlement Class members), unincorporated entities, divisions, groups, present or former directors, officers, members, agents, employees, representatives, administrators, insurers, indemnitees, and attorneys. The phrase "Released Parties" shall include any distributors, retailers, or customers of Lycatel to the extent that such persons sell, distribute, or otherwise place into the stream of commerce any Lycatel Calling Card that was not purchased directly or indirectly from Lycatel or from any of its predecessors and successors-in-interest, including, but not limited to, all of its past and present parents, subsidiaries, joint ventures, partnerships, related companies, affiliates, controlled entities, assignees, unincorporated entities, divisions, groups,

present or former directors, officers, members, agents, employees, representatives, administrators, insurers, indemnities, or attorneys.

m. "Settlement Class" shall refer to all Persons who, at any time through the date of the entry of the Order of Preliminary Approval, purchased a Lycatel Calling Card in the United States. The Released Parties, and their respective officers, directors, employees, and counsel, and Plaintiff's Counsel, are not included in the Settlement Class. All federal judges and members of their families within the first degree of consanguinity, and officers and directors of the Settling Defendants, are also excluded from the Settlement Class.

n. "Settlement Class Member" shall refer to any Person included within the Settlement Class who does not timely exercise his or her right to opt out of the Settlement Class pursuant to Section 10 below.

o. "Settlement Effective Date" shall mean the later of the date upon which all appeals, if any, from the Final Order and Judgment have been finally concluded and exhausted, or the date upon which the time to seek any appellate remedy (including rehearing or *writ of certiorari* to the United States Supreme Court) from the Final Order and Judgment has expired.

## TERMS OF AGREEMENT

1. <u>Non-Admission of Liability</u>. This Agreement is for settlement purposes only, and neither the fact of, nor any specific provision contained in, this Agreement nor any action taken hereunder shall constitute, or be construed as, any admission of the validity of any claim or any fact alleged by Plaintiff or by any other Person included within the Settlement Class of any wrongdoing, fault, violation of law, or liability of any kind on the part of the Released Parties. This Agreement constitutes a compromise pursuant to Fed.R.Evid. 408(a) and all similar federal or state laws, rights, rules, or legal principles of any other jurisdiction that may be applicable. It

6

shall not be offered or be admissible, either in whole or in part, as evidence against the Released Parties, except in any action or proceeding to enforce its terms.

2.    Settlement Class. For purposes of settlement only, and not for purposes of liability, and subject to Court approval, the Lawsuit will be certified as a nationwide class action, pursuant to Fed. R. Civ. P. 23(a) and b(3), with the members of the certified class to comprise only those Persons defined above as the Settlement Class. Subject to the terms and conditions of this Agreement, the Parties agree not to oppose any efforts to certify such a class. Any certification pursuant to this Section shall not constitute, in this or any other proceeding, an admission, finding or evidence that any requirement for class certification is otherwise satisfied, except for the expressly enumerated purposes in this Agreement.

3.    Preliminary Approval. No later than 30 business days from the date of full execution of this Agreement (unless such time is extended by mutual agreement of the Parties), Plaintiff and Lycatel, through counsel, shall present this Agreement to the Court by way of motion seeking certification of the Settlement Class and preliminary approval of this Agreement (the "Submission for Preliminary Approval"). In connection with the Submission for Preliminary Approval, Plaintiff and Lycatel, through counsel, shall apply for an order substantially in the form of Exhibit B to this Agreement ("Order of Preliminary Approval"). The Submission for Preliminary Approval shall request:

a.    Preliminary approval of the Agreement;

b.    Certification for settlement purposes of the Settlement Class defined approve pursuant to Fed.R.Civ.P. 23(b)(3);

c.    Appointment of Plaintiff's Lead Counsel as counsel for the Settlement Class;

7

              d.        Appointment of Plaintiff as class representative for the Settlement Class; and,

              e.        Approval of the proposed notices in forms substantially similar to those attached hereto as Exhibits C and D.

        4.     <u>Notice to Settlement Class</u>. After the entry of the Order of Preliminary Approval (unless otherwise specifically modified below), at its sole expense Lycatel shall cause notice to be disseminated as directed in the Order of Preliminary Approval in a form substantially similar to that attached as Exhibit C to this Agreement (the "Settlement Notice"), as follows:

              a.        By establishing within twenty (20) business days after the date of the entry of the Order of Preliminary Approval a discrete settlement website through a link on www.lycatel.com and www.freedweiss.com.

              b.        By publishing within twenty (20) business days after the date of the entry of the Order of Preliminary Approval a summary form of the Notice (the "Summary Notice"), in a form substantially similar to that attached as Exhibit C to this Agreement as (1) a national press release via PR Newswire (or similar entity), (2) one time per week for two consecutive weeks in USA Today (in English) and El Diario (in Spanish), and 3) one time in USA AFRICA magazine.

              c.        By disseminating within 35 business days from the date of the entry of the Order of Preliminary Approval, to all Persons to whom it has directly distributed or sold Lycatel Calling Cards during the preceding 120 business days, as well as to any additional Persons who directly purchased Lycatel Calling Cards during the 45 business day-period following the date of the entry of the Order of Preliminary Approval, a notice in a form substantially similar to Exhibit C of the Agreement to be posted at retail locations where Lycatel Calling Cards are sold to the public (the "Posted Notice"). Lycatel shall request that such Persons use reasonable efforts to

ensure that the Posted Notice is posted in retail locations where Lycatel Calling Cards are sold and in a place where the Posted Notice will be visible to the retail locations' customers. However, the failure of any retail location to display the Posted Notice, despite Lycatel's or its distributors' request to do so, shall not constitute a breach of this Agreement. Lycatel shall use its best efforts to ensure that the Posted Notice shall be posted until the end of the Claims Submission Period.

d.      By direct mailing to all calling card customers whose mailing address is reasonably accessible from Lycatel's business records within 35 business days after the date of the entry of the Order of Preliminary Approval. Direct mail notice will be in a form substantially similar to that set forth in Exhibit C to this Agreement.

5.      Lycatel will provide a notice voice prompt stating "If you have purchased prepaid calling cards you may be entitled to recovery under a class action litigation – visit www.lycatel.com for more information." on all current Lycatel Calling Card access numbers and customer service numbers until 14 business days prior to the Fairness Hearing seeking final approval of this Agreement pursuant to sections 9 and 10 below). The voice prompt will be made available in English and Spanish.

a.      Lycatel will establish a dedicated, toll-free telephone number that Persons can call to hear information regarding the settlement, including the status of the Claims Submission Period. This toll-free number will be available 20 business days after the entry of the Order of Preliminary Approval through the end of the Claims Submission Period. Lycatel also will place information regarding the status of the Claims Submission Period on a discrete settlement website that can be accessed through a link on www.lycatel.com, starting 20 business

days after the entry of the Order of Preliminary Approval and continuing until the end of the Claims Submission Period.

     b.    In addition, the Parties have agreed on the terms of a joint press release containing the essential terms of the settlement and notice, which Lycatel shall release to PR Newswire within ten business days after the entry of the Order of Preliminary Approval;

     c.    The Parties agree that Plaintiff and his counsel shall review and have an opportunity to object to any voice prompt recordings or scripts prior to their use in this settlement. Lycatel shall provide Plaintiff's Lead Counsel with any proposed voice prompt recordings or scripts 20 business days prior to their implementation. Plaintiff's Lead Counsel shall notify Lycatel's counsel in writing within 5 business of their receipt of the scripts or recordings if they object to any aspect of the script or recording. Plaintiff's Lead Counsel will be deemed to have consented to the proposed script or recording if Plaintiff's Lead Counsel fails to object within this period. Should the parties not be able to resolve their differences within 10 business days of Plaintiff's Lead Counsel's written notification, the parties agree to submit the dispute to the Court for resolution;

     d.    The Parties further agree that a copy of Exhibit A to this Agreement will be made available to the public by accessing a discrete settlement website through a link on www.freedweiss.com, www.lycatel.com, or by calling a toll free number to be established by the claims administrator.

     e.    The parties agree that the methods of notice set forth in this section constitute the best form of notice to the Settlement Class that is practicable under the circumstances, Lycatel shall pay all costs associated with disseminating, publishing and posting the Settlement Notice and all associated expenses, which shall be in addition to and not deducted

from the pool of settlement funds described below or the amount of attorneys' fees and expenses as set forth in Paragraph 12 below. The Parties and their respective counsel will refer all inquiries from the press and the public other than individual consumers to the joint press release and the settlement documents and make statements consistent with them. Although the Parties and their respective counsel may acknowledge their participation in the Lawsuit and the publicly available settlement, they will decline to comment further.

6.   <u>Final Approval</u>

a.   The Parties shall request that the Court hold a final approval hearing no later than 75 days from entry of the Order of Preliminary Approval. At the final approval hearing, the Parties shall jointly request that the Court enter an order and judgment pursuant to Fed.R.Civ.P. 54(a) in the form of Exhibit E to this Agreement (the "Final Order and Judgment"), which shall finally approve the terms of this Agreement, dismiss the Lawsuit with prejudice, discharge the Released Parties of and from all further liability to Plaintiff and Settlement Class Members with respect to the Released Claims (but not as to any obligations created or owed pursuant to this Agreement), and permanently barring and enjoining Plaintiff and Settlement Class Members from bringing, filing, commencing, prosecuting (or further prosecuting), maintaining, intervening in, participating in, assisting in any way, formally or informally, except as required by law, or receiving any benefits from, any other lawsuit, arbitration, or administrative, regulatory or other proceeding or cause of action in law or equity that asserts, arises from, concerns, or is in any way related to the Released Claims, The actual form of Final Judgment and Order entered by the Court may include additional provisions as to which the Parties may subsequently agree, or which the Court may direct, that are not inconsistent with any of the express terms or conditions of this Agreement.

11

b.      Following entry by the Court of the Final Order and Judgment, no default by any Person in the performance of any covenant or any obligation arising under this Agreement, or any order of judgment entered in connection therewith, shall affect the dismissal of the Lawsuits, the discharge and release of the Released Parties, or any other provision of this Agreement. The above notwithstanding, nothing in this sub-section shall prevent a Party from seeking enforcement of or compliance with the terms of this Agreement, or the intervention of the Court to compel any such default to be cured.

c.      For two years following the date of this Agreement, Lycatel shall provide Plaintiff's Counsel with an annual report regarding its compliance with this Agreement, and with the Court retaining jurisdiction over any dispute arising over the accuracy of the report.

7.      <u>Settlement Consideration</u> In consideration for the dismissal of the Lawsuit with prejudice under the terms of this Agreement, Lycatel shall, no later than thirty (30) days after the Settlement Effective Date, provide:

(a)      Up to one million Refund PINs in a value not to exceed a total of $2,250,000 for Settlement Class Members (the "PIN Fund"), who purchased one or more Lycatel Calling Cards before the date of entry of the Order of Preliminary Approval;

(b)      Lycatel will pay each eligible claim by providing Claimant with a PIN with a value equal to one-half of the value of Claimant's original card(s). Refund PINS will be billed at the rate, for domestic calls, at $0.10 per minute and international calls to countries set forth in Exhibit F below at no more than $0.30 per minute. Refund PIN can only be used for international calls to destinations identified in Exhibit F;

12

(c)     A Claimant shall not receive a Refund Pin Number for more than twenty five (25) eligible Lycatel Calling Cards;

(d)     In the event that Claims exceed the amount of the PIN Fund, then all eligible Claimants shall be provided Refund PINs on a *pro rata* basis;

(e) If qualified, the Refund PIN Number will be activated for use at a later date after the claims submission period has been completed;

(f) Refund PINs shall be valid for a period of six (6) months from the date of issuance;

(g) Each PIN from a Lycatel Calling Card may only be submitted once, and Lycatel shall not be obligated to provide more than one Refund PIN per submitted and confirmed PIN from a Lycatel Calling Card.

(h)     In the event that the value of the Refund PINs is less than $250,000.00, then Lycatel shall donate Calling Cards in a face value equal to $50,000.00 in PINs to one or more of the following charities (the Charities):

    1)     Red Cross;

    2)     Red Crescent;

    3)     Relief Program in Sri Lanka;

    4)     Doctors Without Borders; or

    5)     Caritas Internationalis

The Parties further agree for every additional $50,000 in value of Refund PINs issued above the initial $250,000 amount, then Lycatel shall donate additional Calling Cards in a face value equal to an additional $10,000 in PINs to the Charities), up to a maximum amount of $450,000.00.

13

(i)     All costs and expenses of class notice and administration of claims shall be paid or borne by Lycatel.

(j)     The Released Parties shall only be obligated to pay claims pursuant to the terms of and in the amounts stated in this Agreement.

8.     Claim Procedure. The claim procedure pursuant to this Agreement shall be as follows:

(a)   Starting ten (10) business days after the Settlement Effective Date and continuing until the end of the Claims Submission Period, Lycatel shall provide a voice prompt on all current Lycatel Calling Card access numbers and customer service numbers that offers each caller the opportunity to access the interactive voice response ("IVR") system for Settlement Claims by pressing a single button or combination of no more than two buttons on the telephone, or by separately dialing a direct toll-free telephone number at the caller's discretion, all at no additional cost to the caller. The Parties agree that Plaintiff and their counsel shall review and have an opportunity to object to any voice prompt recordings or scripts prior to their use in this settlement. Lycatel shall provide Plaintiff's Lead Counsel with any proposed voice prompt recordings or scripts 20 business days prior to their implementation. Plaintiff's Lead Counsel shall notify Lycatel in writing within 5 business of their receipt of the scripts or recordings if they object to any aspect of the script or recording. Should the parties not be able to resolve their differences within 10 business days of Plaintiff's Lead Counsel's written notification, the parties agree to submit the dispute to the Court for resolution.

(b)   Claimants With Personal Identification Numbers ("PINs")

14

(i)  If a claimant has less than twenty five (25) PINs, from (10) business days after the Settlement Effective Date through the end of the Claims Submission Period, any Claimant may call a Lycatel WR telephone system or access a discrete settlement website through a link on www.lycatel.com and enter a Personal Identification Number ("PIN") from a Lycatel Calling Card that Claimant purchased before the date of the entry of the Order of Preliminary Approval. Claimant shall be required to provide his or her name and address, telephone number, date of birth, and the name of the calling card and the associated PIN number (the "Claim"). Lycatel will then (during the course of a single IVR telephone call or website visit, if feasible) provide Claimant with a Refund PIN Number.

(ii)  If a claimant has twenty five (25) PINs or more, he or she must submit a written declaration to "Claims Administrator: c/o Lycatel LLP," at an address to be set up by the claims administrator, declaring that he or she was the purchaser of such PINs, and must list the PINs in the declaration. If qualified, Lycatel will issue a Refund PIN Number for each eligible PIN listed in the declaration, the value of such PIN being no more than twenty five (25) times the average value of the cards submitted in the declaration.

(c)  Claimants Without Personal Identification Numbers ("PINs")

(i) In the event that a Claimant does not have a PIN from an eligible Lycatel Calling Card that Claimant purchased before the date of the entry of the Order of Preliminary Approval, Claimant must submit a claim by mailing a notarized, written Claim Form to "Claims Administrator: c/o Lycatel LLC," at an

15

address to be set up by the claims administrator, declaring that he or she was the purchaser of an eligible Lycatel Calling Card, and setting forth the following: the type or brand of Lycatel Calling Card purchased; the location at which it was purchased; the month and year in which it was purchased; and the phone number(s) that were called by the Claimant when he or she used the card. The Claim Form must also provide a valid address to which Lycatel can mail any Refund PINs, subject to its independent confirmation of the sworn statement as described below and as long as funds remain in the fund.

*at lease one ( per 1/20/09 hearing*

(ii)     Lycatel reserves the right to confirm the veracity of any sworn statements or portions thereof that are submitted in the manner described in the prior paragraph. Such confirmation may include, but is not limited to, confirmation that the destination phone number was accessed by a customer using the specific type of Lycatel Calling Card described in an affidavit. Should Lycatel determine that the recitations set forth in any affidavit submitted pursuant to this subsection are false or misleading, Lycatel shall notify the Claimant of the discrepancies and reserves the right to refuse to issue a Refund PIN to Claimant for any claims submitted.

(d)     Appeal Procedure.   Any Settlement Class Member or Person who is initially denied a Refund PIN ("Denied Claim") may appeal such a denial to the Designated Arbitrator. Any appeal of a Denied Claim must state in writing the basis for the appeal, and shall be submitted to the Designated Arbitrator within 60 days of notification of the Denied Claim. The Designated Arbitrator shall direct copies of all appeals to the Parties (for Plaintiff, through Plaintiff's Lead

16

Counsel). The Parties may submit to the Designated Arbitrator a written response to the appeal. Such response shall be submitted to the Designated Arbitrator within 30 business days of the Parties' receipt of the appeal. The Designated Arbitrator shall issue a written decision within 90 days of receipt of the appeal, whose decision shall be final and binding.

9.    Best Efforts of Parties. The Parties agree to undertake their Best Efforts to effectuate the Settlement described in this Agreement. The Parties shall encourage the Court to approve the Agreement, and shall not encourage Persons included within the Settlement Class to object to the Court's approval of the Agreement. The Parties further represent, agree and acknowledge that the Settlement is a fair resolution of these claims for the Parties and the Settlement Class Members. Neither the Parties nor their respective counsel shall make any statements suggesting the contrary, either before or after the Court's approval of the Settlement and this Agreement

10.    Objections to Settlement. Any Settlement Class Member may object to the fairness, reasonableness or adequacy of the proposed settlement. Each Settlement Class Member who wishes to object to any term of this Agreement must do so in writing by filing a written objection with the Clerk of the Court and mailing it to the Parties' respective counsel. Any such objection must be filed with the Clerk of the Court and received by the Parties' respective counsel no later than ~~30 days prior to the date for final approval~~ hearing. Any such objection  must (a) include a list of all available PINs of Lycatel Calling Cards that were purchased by the Settlement Class Member, the date(s) or approximate date(s) of the Settlement Class Member's purchase(s) of Lycatel Calling Card(s), the state(s) of purchase(s), the approximate total dollar amount of such purchase(s), (b) attach copies of any materials that will be submitted to the Court

17

or presented at the fairness hearing, (c) be signed by the Settlement Class Member, and (d) clearly state in detail (i) the legal and factual ground(s) for the objection, (ii) the Settlement Class Member's name, address and, if available, telephone number, and (iii) if represented by counsel, such counsel's name, address and telephone number. Any objection that fails to satisfy the requirements of this section, or that is not properly and timely submitted, shall be deemed ineffective, will be disregarded by the Court, and will be deemed to have been waived, and the Settlement Class Member asserting such objection shall be bound by the final determination of the Court.

11.    <u>Requests to Appear at Final Approval Hearing</u>.  Settlement Class Members or their counsel who wish to appear at the fairness hearing must make such request by notifying the Court and the Parties' respective counsel in writing. Any such request must be filed with the Clerk of the Court and received by the Parties' respective counsel no later than ~~30 days before~~ *Feb 1 2010* the date of the final approval hearing, and must state the name, address, and, if available, telephone number of the Settlement Class Member, as well as the name, address and telephone number of the person who will appear on his or her behalf. Any such request must further include (a) a list of all available PINs of Lycatel Calling Cards that were purchased by the Settlement Class Member, the date(s) or approximate date(s) of the Settlement Class Member's purchase(s) of Lycatel Calling Card(s), the state(s) of purchase(s), and the approximate total dollar amount of such purchase(s), (b) the Settlement Class Members' signature, and (c) a detailed statement of the ground(s) for objection that the Settlement Class Member intends to raise at the fairness hearing. Any request for appearance that fails to satisfy the requirements of this section, or that has not been properly or timely submitted, shall be deemed ineffective, shall

not be considered by the Court, and shall constitute a waiver of such Settlement Class Member's rights to appear and to comment on the settlement at the fairness hearing.

12.    Requests for Exclusion (Opt Out) from Settlement Class Membership. Any Person included within the Settlement Class who wishes to be excluded from membership in the Settlement Class must do so in writing by mailing a written request for exclusion from the Settlement to the Parties' respective counsel. Such request must be postmarked no later than ~~21~~ *February 1, 2010* ~~days before the date for the final approval hearing~~. *per 1/20/09 hearing* The request must (a) be signed by the Settlement Class Member, (b) include a list of all available PINs of Lycatel Calling Cards that were purchased by the Person, the date(s) or approximate date(s) of the Person's purchase(s) of Lycatel Calling Card(s), the state(s) of purchase(s), the approximate total dollar amount of such purchase(s), (c) clearly express the Person's desire to be excluded (or to "opt out") from the Settlement Class, and (d) include the Settlement Class Member's name, address and, if available, telephone number; and, if represented by counsel, counsel's name, address and telephone number. Any Person within the Settlement Class who wishes to be excluded from the Settlement Class can only opt out for himself or herself and, except for minors, cannot opt out for any other Person, nor can any Person within the Settlement Class authorize any other Person to opt out on his or her behalf. Any request for exclusion that fails to satisfy the requirements of this section, or that has not been timely sent, may be deemed ineffective, and any Person included within the Settlement Class who does not properly and timely submit a request for exclusion shall be deemed to have waived all rights to opt out and shall be deemed a Settlement Class Member for all purposes under this Agreement. ~~In the event that Persons who would otherwise be Settlement Class Members have properly submitted timely requests for exclusions from the Settlement Class and such Persons in the aggregate have claims greater than 5% of the total settlement pool as~~ *Omitted per 1/20/09 hearing*

described in Paragraph 6(d), Lycatel shall have the option to withdraw from the Settlement and to rescind this Agreement by providing written notice of such intent to withdraw to the Court and to Plaintiff (through Plaintiff's Lead Counsel) no later than 10 business days before the final approval hearing. In such event, Lycatel shall cease to be a Party to this Agreement and to the Settlement, and, in the event of such withdrawal, all of the Parties' respective obligations under the Settlement and this Agreement will terminate,

*[handwritten note in right margin: per 11/20/09 hearing]*

13.   <u>Failure of Court to Approve this Settlement Agreement</u>. If (i) preliminary or final approval of this Agreement and the Settlement is not obtained from the Court, (ii) the Final Order and Judgment in the form attached as Exhibit E to this Agreement is materially modified by the Court, and any of the Parties objects to such modification, (iii) any objector appeals from the Court's entry of the Final Order and Judgment and such order is reversed in whole or in part by a final decision of an appellate court (in the event of a partial reversal, the Parties shall have the right to elect to be bound by this Agreement as modified by the appellate court), or (iv) Lycatel elects to terminate and rescind this Agreement pursuant to the terms of section 10 above, and (v) Lycatel or Plaintiff provides written notice to the other Party within 10 business days of one of the occurrences described in this sub-sections (i) through (iv) above, then this Agreement shall be null and void, shall have no further force and effect with respect to any Party, and shall not be offered in evidence or used in the Lawsuit (or in any other matter) for any purpose, including that relating to the existence, certification or maintenance of any purported class of plaintiffs. In such event, this Agreement and all negotiations, proceedings, documents prepared, and statements made in connection herewith shall be without prejudice to the Released Parties, Plaintiff or the Settlement Class Members, shall not be deemed or construed to be an admission or confession by any Party of any fact, matter or proposition of law, and shall not be used in any

20

matter for any purpose, and all Parties shall stand in the same position as if this Agreement had not been negotiated, made, or filed with the Court. In such event, any Party may move the Court to vacate any and all orders entered by the Court pursuant to the provisions of this Agreement, and no Party shall object thereto. To the extent feasible, the Parties shall be returned to their respective positions in the Lawsuit as ofAugust 15, 2009. The Lawsuit shall then proceed in all material respects as if this Agreement and any related orders had never been executed. A modification or reversal on appeal of the resolution of any dispute relating to the claim of anyone claiming to be a member of the Settlement Class shall not be deemed a material modification of this Agreement.

14.    Attorneys' Fees and Expenses.

a.    Lycatel agrees not to oppose an award by the Court of reasonable attorneys' fees, including expenses through the entry of the Final Order and Judgment, to Plaintiff's Lead Counsel on behalf of Plaintiff'sCo unsel not to exceed $300,000.00. Plaintiff's Lead Counsel agrees that they will not seek attorneys' fees and expenses that exceed $750,000. The reasonable attorneys' fees and expenses, as awarded by the Court, shall be paid to Plaintiff's Lead Counsel, Plaintiff's Lead Counsel shall allocate attorneys' fees and expenses among Plaintiff's Counsel in a manner that, in the sole discretion of Plaintiff's Lead Counsel, reflects the respective contributions of Plaintiff's Counsel to the results achieved in this matter. ~~Lycatel further agrees not to oppose Plaintiff's Lead Counsel's decision to allocate a reasonable portion of their attorneys' fees to any or all of the Plaintiff as incentive awards of up to $5,000, subject to Court approval.~~ The Parties' negotiation of and agreement to the foregoing attorney's fees and costs and incentive awards did not occur until after the substantive terms of the Agreement had been negotiated and agreed.

*Omitted per 1/20/09 hearing*

21

b.    If and to the extent that counsel other than those counsel identified in sub-section 12(a) above apply for an award of attorneys' fees and expenses, Lycatel reserves the right to oppose all such applications on any grounds, including, but not limited to, that the Released Parties have not agreed to pay such fees and expenses and that they are unreasonable or duplicative.

c.    All applications for an award of attorneys' fees and expenses and incentive awards shall be made no later than ten (10) business days before the final approval hearing. Such applications will be heard at the time of the final approval hearing or as soon thereafter as may be determined by the Court.

d.    All fees and expenses awarded to Plaintiff's Lead Counsel by the Court shall be paid within six (6) months of the date of the Order approving attorneys fees by payment in two (2) equal monthly installments up to $150,000, with the first payment due no later than thirty (3)) days after the entry of the Order, and any award for fees exceeding $300,000 shall be paid in equal monthly installments over the four (4) remaining months.  If this Agreement is terminated pursuant to any of its provisions or for any other reason, Lycatel's obligations under this section, including the obligation to pay such fees, shall likewise be terminated.

e.    After the Settlement Effective Date and after receipt by Plaintiff's Lead Counsel of payment by Lycatel of attorneys' fees and expenses as awarded by the Court, Plaintiff's Lead Counsel shall coordinate with Plaintiff's Counsel to either destroy or return to Lycatel all copies of discovery provided by Lycatel within fifteen (15) business days, and shall provide a certification to Lycatel that such has been done.

f.    Payment by Lycatel of any attorneys' fee award pursuant to this section, as approved by the Court, will completely satisfy any and all obligations on the part of the Released

Parties to pay attorneys' fees, costs and expenses under this Agreement. The Released Parties shall have no responsibility or liability whatsoever regarding the payment of attorneys' fees, costs and expenses other than as set forth in this section.

g.     The application for an award of attorneys' fees and expenses is to be considered separate from the approval of this Settlement, and any challenges thereto shall not terminate or delay the Settlement.

15.     <u>Release, Waiver and Covenant Not to Sue.</u>

a.     Effective as of the Settlement Effective Date, and in consideration of this Agreement and the benefits extended to the Settlement Class, Plaintiff, on behalf of themselves and the Settlement Class Members, and each Settlement Class Member, on behalf of himself or herself and his or her respective successors, assign, past, present, and future parents, subsidiaries, joint venturers, partnerships, related companies, affiliates, unincorporated entities, divisions, groups, directors, officers, shareholders, employees, agents, representatives, servants, partners, executors, administrators, assigns, predecessors, successors, descendants, dependents, and heirs, fully release and forever discharge the Released Parties from the Released Claims.

b.     Plaintiff, on behalf of himself and the Settlement Class Members, fully understand that if any fact relating to any matter covered by this Agreement is later found to be other than or different from the facts now believed by Plaintiff to be true, Plaintiff, on behalf of themselves and the Settlement Class Members, expressly accept and assume the risk of such possible differences in fact and agree and acknowledge that this Agreement shall nevertheless remain filly binding and effective.

c.     Plaintiff expressly understands and acknowledge that certain state statutes and principles of common law *(e.g.,* Cal. Civ. Code § 1542) provide that a "general" release does not

extend to claims that a creditor does not know or suspect to exist in his, her, or its favor at the time of executing the release and which, if known, must have materially affected the settlement with the debtor. To the extent that any Settlement Class Member may argue that such statutes or principles of common law are applicable here, Plaintiff, on behalf of himself and the Settlement Class Members, agree that any such statutes, principles of common law or other sources of legal authority of any and all jurisdictions that may be applicable are hereby knowingly and voluntarily waived and relinquished by the Settlement Class Members, and further agree and acknowledge that this is an essential term of this Agreement.

    d.    Upon entry of the Final Order and Judgment, Plaintiff shall have, and each and every Settlement Class Member shall be deemed to have, on behalf of the Settlement Class Member and the Settlement Class Member's respective successors assigns, past, present, and future parents, subsidiaries, joint venturers, partnerships, related companies, affiliates, unincorporated entities, divisions, groups, directors, officers, shareholders, employees, agents, representatives, servants, partners, executors, administrators, assigns, predecessors, successors, descendants, dependents, and heirs, covenanted and agreed to:

    i)    forever refrain from instituting, maintaining, or proceeding in any action against the Released Parties with respect to any Released Claims;

    ii)    release and forever discharge the Released Parties from each and every such Released Claim; and

    iii)    indemnify and hold harmless the Released Parties from all liability and expenses (including attorneys' fees) incurred by the Released Parties as the result of a breach of this covenant-not-to-sue by a Settlement Class Member. Liability for this indemnification

shall be limited solely to the Settlement Class Member(s) responsible for breaching the covenant-not-to-sue.

     e.    This Agreement may be pleaded as a full and complete defense to, and may be used as the basis for a temporary restraining order or preliminary or permanent injunction against, any action, suit or other proceeding, which has been or may be instituted, prosecuted, continued to be prosecuted, or attempted, asserting any claim released by this Agreement.

     16.    <u>Entire Agreement</u>. This Agreement shall constitute the entire agreement between Lycatel and Plaintiff, on behalf of himself and the Settlement Class, and supersedes and replaces any prior agreements and understandings, whether oral or written, between and among them, with respect to such matters. This Agreement shall not be subject to any change, modification, amendment, or addition, without the express written consent of Plaintiff and Lycatel, and may be amended or modified only by a written instrument signed by or on behalf of all Parties or their respective successors-in-interest.

     17.    <u>Binding Agreement</u>. This Agreement shall benefit and bind the Parties, as well as their representatives, heirs and successors. If for any reason any provision of this Agreement other than sections 6 or 13 shall be determined to be invalid or inoperative, the validity and effect of the other provisions shall not be affected thereby.

     18.    <u>Continuing Jurisdiction</u>. The Court shall retain continuing and exclusive jurisdiction over the Parties, including all Settlement Class Members, over the administration and enforcement of the Settlement and this Agreement, and over the distribution of benefits to the Settlement Class. The Court also shall retain continuing and exclusive jurisdiction in connection with the injunction set forth in section 5(a) above. The Court also shall retain continuing and exclusive jurisdiction in connection with any Person included within the Settlement Class who

wishes to opt out, as set forth in section 10 above. Any disputes or controversies arising with respect to the interpretation, enforcement or implementation of the settlement or this Agreement must be submitted by formal and proper motion to the Court.

19.    No Assignment. The Parties each represent and warrant that they have not assigned, transferred or purported to assign or transfer, in whole or in part, any interest in any of the rights and claims that are the subject of this Agreement.

20.    Choice of Law. The validity, construction, interpretation, performance, and enforcement of this Agreement shall be governed by the internal, substantive laws of New Jersey without giving effect to New Jersey choice of law principles.

21.    Counterparts. This Agreement may be executed in one or more counterparts, either manually or by telecopy. All executed counterparts, and each of them, shall be deemed to be one and the same original instrument. This Agreement shall be deemed executed as of ~~August~~ *November per 1/20/09 hearing*  6 , 2009. The Parties shall exchange among themselves original, signed counterparts, and a complete set of such counterparts shall be filed with the Court as an Exhibit to the Motion for Preliminary Approval.

22.    Advice of Counsel. Each of the Parties has had the benefit of the advice of counsel in the negotiation, drafting and execution of this Agreement, and the language in all parts of this Agreement is the product of the efforts of such counsel. Accordingly, neither this entire Agreement nor any specific provision within the Agreement shall be deemed to have been proposed or drafted by any Party or construed against any Party on that alleged basis. This Agreement shall be construed as a whole, according to its plain meaning.

23. <u>Authority</u>. The Parties each represent and warrant that they have authority to enter into this Agreement, subject to certification of the Settlement Class and approval of this Agreement by the Court.

24. <u>CAFA Notice</u>. The Parties agree that Lycatel shall serve notice of this settlement (via Federal Express) that meets the requirements of 28 U.S.C. § 1715, on the appropriate federal and state officials not later than 10 days after the filing of this Agreement with the Court. A proposed form of CAFA Notice, without the accompanying attachments, is attached as Exhibit G.

25. <u>No Party is Drafter</u>. None of the Parties to this Agreement shall be considered to be the primary drafter of this Agreement or any provision hereof for the purpose of any rule of interpretation or construction that might cause any provision to be construed against the drafter.

26. <u>Severability</u>. In the event that any provision hereof becomes or is declared by a court of competent jurisdiction to be illegal, unenforceable, or void, this Agreement shall continue in full force and effect without said provision.

27. <u>Notification</u>. Except as otherwise described in the Settlement Notice attached as Exhibit C to this Agreement, all notices and other communications referenced in this Agreement shall be in writing and shall be served by overnight mail or by registered or certified mail, return receipt requested, addressed to the Parties' counsel at their respective addresses as set forth below:

<u>Notices to Plaintiff or the Settlement Class Members</u>

James E. Cecchi
Carella, Byrne, Bain, Gilfillan, Cecchi, Stewart & Olstein
5 Becker Farm Road
Roseland, New Jersey 07068

Paul M. Weiss

Freed & Weiss LLC
111 West Washington Street, Suite 1331
Chicago, Illinois 60602

Notices to Lycatel

James Crawford Orr
Wilson Elser Moskowitz Edelman & Dicker
33 Washington Street
Newark, New Jersey 07102

28.    Time for Compliance.  If the date for performance of any act required by or under this Agreement to be performed on a particular day or within a specified period of time falls on a Saturday, Sunday or legal or Court holiday, such act may be performed upon the next business day, with the same effect as if it had been performed on the day or within the period of time specified by or under this Agreement

IN WITNESS WHEREOF, the Parties, have signed and delivered originals of this Agreement as of                    2009, but actually signed this Agreement on the dates set forth below.

LYCATEL, LLC


By:_____
                                   , title
Dated:

ORLANDO S. RAMIREZ


By:_____


Dated:

28

CARELLA, BYRNE, BAIN, GILFILLAN,
CECCHI, STEWART & OLSTEIN
Co-Lead Counsel for Plaintiff


By:_____

Dated:

FREED & WEISS
Co-Lead Counsel for Plaintiff


By:_____

Dated:

29

Freed & Weiss LLC
111 West Washington Street, Suite 1331
Chicago, Illinois 60602

<u>Notices to Lycatel</u>

James Crawford Orr
Wilson Elser Moskowitz Edelman & Dicker
33 Washington Street
Newark, New Jersey 07102

28.  <u>Time for Compliance.</u>  If the date for performance of any act required by or under

this Agreement to be performed on a particular day or within a specified period of time falls on a

Saturday, Sunday or legal or Court holiday, such act may be performed upon the next business

day, with the same effect as if it had been performed on the day or within the period of time

specified by or under this Agreement

IN WITNESS WHEREOF, the Parties, have signed and delivered originals of this

Agreement as of _____ 2009, but actually signed this Agreement on the dates set forth

below.

LYCATEL, LLC

By: _____ (V. Conikaj)

Dated: 24/10/09 , title Mgr.

ORLANDO S. RAMIREZ

By: _____

Dated: _____

CARELLA, BYRNE, BAIN, GILFILLAN,
CECCHI, STEWART & OLSTEIN
Co-Lead Counsel for Plaintiff

28

368260.3

Freed & Weiss LLC
111 West Washington Street, Suite 1331
Chicago, Illinois 60602

Notices to Lycatel

James Crawford Orr
Wilson Elser Moskowitz Edelman & Dicker
33 Washington Street
Newark, New Jersey 07102

28. <u>Time for Compliance.</u> If the date for performance of any act required by or under this Agreement to be performed on a particular day or within a specified period of time falls on a Saturday, Sunday or legal or Court holiday, such act may be performed upon the next business day, with the same effect as if it had been performed on the day or within the period of time specified by or under this Agreement

IN WITNESS WHEREOF, the Parties, have signed and delivered originals of this Agreement as of                        2009, but actually signed this Agreement on the dates set forth below.

LYCATEL, LLC

By:_____
                                        , title
Dated:

ORLANDO S. RAMIREZ

By:_____

Dated:

CARELLA, BYRNE, BAIN, GILFILLAN,
CECCHI, STEWART & OLSTEIN
Co-Lead Counsel for Plaintiff

28

By:_____

Dated:

FREED & WEISS
Co-Lead Counsel for Plaintiff

By:_____

Dated:   9/1/09

CARELLA, BYRNE, BAIN, GILFILLAN,
CECCHI, STEWART & OLSTEIN
Co-Lead Counsel for Plaintiff

By:

Dated: 11/4/09

FREED & WEISS
Co-Lead Counsel for Plaintiff

By:

Dated:

29

## ADDENDUM TO SETTLEMENT AGREEMENT

The Class Settlement Agreement and Release (the "Settlement Agreement") between the parties deemed by the court to be executed on November 6, 2009, presented to the court on motion for preliminary approval on November 20, 2009, the Settlement Agreement was preliminarily approved by the Court with following amendments:

DEFINITIONS

g:   Replaced with the following language: "Designated Arbitrator" shall mean an arbitrator agreed upon by the parties."

TERMS OF AGREEMENT

8.   Claim Procedure

(c)   <u>Claimants Without Personal Identification Numbers ("PINS")</u>

(i) Replaced with the following language:

In the event that a Claimant does not have a PIN from an eligible Lycatel Calling Card that Claimant purchased before the date of the entry of the Order of Preliminary Approval, Claimant must submit a claim by mailing a written Claim Form to "Claims Administrator: c/o Lycatel LLC," at an address to be set up by the claims administrator, declaring that he or she was the purchaser of an eligible Lycatel Calling Card, and setting forth the following: the type or brand of Lycatel Calling Card purchased; the location at which it was purchased; the month and year in which it was purchased; and at least one phone number that were called by the Claimant when he or she used each card. The Claim Form shall have the following statement: "UNDER PENALTY OF PERJURY, I HEREBY AFFIRM AND CERTIFY THAT THE INFORMATION PROVIDED ON THIS FORM IS

TRUE AND ACCURATE. THE INFORMATION PROVIDED ON THIS FORM IS SUBJECT TO AUDIT AND REVIEW, AND WILLFULLY FALSE STATEMENTS WILL BE REPORTED TO THE COURT." The Claim Form must also provide a valid address to which Lycatel can mail any Refund PINs, subject to its independent confirmation of the sworn statement as described below and as long as funds remain in the fund.

10. <u>Objections to Settlement</u>

Replaced with the following language:

Any Settlement Class Member may object to the fairness, reasonableness or adequacy of the proposed settlement. Each Settlement Class Member who wishes to object to any term of this Agreement must do so in writing by filing a written objection with the Clerk of the Court and mailing it to the Parties' respective counsel. Any such objection must be filed with the Clerk of the Court and received by the Parties' respective counsel no later than February 1, 2010.

<u>For Claimants With Personal Identification Numbers ("PINS")</u>: Any such objection must include the following:

(a) a list of all available PINs of Lycatel Calling Cards that were purchased by the Settlement Class Member, the date(s) or approximate date(s) of the Settlement Class Member's purchase(s) of Lycatel Calling Card(s), the state(s) of purchase(s), the approximate total dollar amount of such purchase(s),

(b) attach copies of any materials that will be submitted to the Court or presented at the fairness hearing,

(c) be signed by the Settlement Class Member, and

(d) clearly state in detail (i) the ground(s) for the objection, (ii) the Settlement Class Member's name, address and, if available, telephone number, and (iii) if represented by counsel, such counsel's name, address and telephone number.

For Claimants Without Personal Identification Numbers ("PINS"): Any such objection must:

(a)   submit a sworn statement declaring that he or she was the purchaser of an eligible Lycatel Calling Card,

(b)   set forth the following: the type or brand of Lycatel Calling Card purchased; the location at which it was purchased; the month and year in which it was purchased; and at least one phone number that were called by the Claimant when he or she used each card, and

(c)   the objection shall have the following statement:  "UNDER PENALTY OF PERJURY, I HEREBY AFFIRM AND CERTIFY THAT THE INFORMATION PROVIDED ON THIS FORM IS TRUE AND ACCURATE. THE INFORMATION PROVIDED ON THIS FORM IS SUBJECT TO AUDIT AND REVIEW, AND WILLFULLY FALSE STATEMENTS WILL BE REPORTED TO THE COURT."

Any objection that fails to satisfy the requirements of this section, or that is not properly and timely submitted, shall be deemed ineffective, will be disregarded by the Court, and will be deemed to have been waived, and the Settlement Class Member asserting such objection shall be bound by the final determination of the Court.

11. <u>Requests to Appear at Final Approval Hearing</u>

Replaced with the following language:

Settlement Class Members or their counsel who wish to appear at the fairness hearing must make such request by notifying the Court and the Parties' respective counsel in writing.  Any such request must be filed with the Clerk of the Court and received by the Parties' respective counsel no later than February 1, 2010, and any request to be heard must include all of the information and documentation as requested in Paragraph 10 above.

12. <u>Requests For Exclusion (Opt Out) from Settlement Class Membership</u>

Replaced with the following language:

Any Person included within the Settlement Class who wishes to be excluded from membership in the Settlement Class may opt out of the settlement by mailing a written request for exclusion from the Settlement filed with the court no later than February 1, 2010 with a copy to the Parties' respective counsel postmarked no later than February 1, 2010.  Any request to be excluded must include all of the information and documentation as requested in Paragraph 10 above.

14. <u>Attorneys' Fees and Expenses</u>

Paragraph 14(a) is replaced with the following language:

Lycatel agrees not to oppose an award by the Court of reasonable attorneys' fees, including expenses through the entry of the Final Order and Judgment, to Plaintiff's Lead Counsel on behalf of Plaintiff's Counsel, and an incentive award to Plaintiff, in a total amount not to exceed $300,000.00. Plaintiff's Lead Counsel agrees that they will not seek attorneys' fees and expenses that exceed $750,000.

The reasonable attorneys' fees and expenses, as awarded by the Court, shall be paid to Plaintiff's Lead Counsel, Plaintiff's Lead Counsel shall allocate attorneys' fees and expenses among Plaintiff's Counsel in a manner that, in the sole discretion of Plaintiff's Lead Counsel, reflects the respective contributions of Plaintiff's Counsel to the results achieved in this matter. Lycatel further agrees not to oppose Plaintiff's Lead Counsel's application for an incentive award to Plaintiff of up to $5,000, subject to Court approval. The Parties' negotiation of and agreement to the foregoing attorney's fees and costs and incentive awards did not occur until after the substantive terms of the Agreement had been negotiated and agreed.

21.    Counterparts.

Paragraph 21 is replaced with the following language:

This Agreement may be executed in one or more counterparts, either manually or by telecopy. All executed counterparts, and each of them, shall be deemed to be one and the same original instrument. This Agreement shall be deemed executed as of November 6, 2009. The Parties shall exchange among themselves original, signed counterparts, and a complete set of such counterparts shall be filed with the Court as an Exhibit to the Order for Preliminary Approval.